<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLUSKY RESTORATION CONTRACTORS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CIS MANAGEMENT INC., d/b/a CIS PROPERTY MANAGEMENT, <br><br> Defendant. | Civil Action No. 25-15944 (GC) (RLS) <br><br> **<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon Plaintiff BlueSky Restoration Contractors, LLC's Motion for Default Judgment against Defendant CIS Management Inc., d/b/a CIS Property Management pursuant to Federal Rule of Civil Procedure (Rule) 55(b).  (ECF No. 10.)  The Defendant has not filed opposition papers nor otherwise appeared in this action.  The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For reasons set forth below, and other good cause shown, Plaintiff's Motion is **DENIED**.

**I.    <u>BACKGROUND</u>**

**A.    Factual Background**

Plaintiff is a Delaware limited liability company with its principal place of business in Colorado, and it provides restoration services to damaged properties. (ECF No. 1 ¶¶ 1, 9.) Defendant is a corporation with its principal place of business in New Jersey, and it is a "fully integrated residential development, management, and construction company."  (*Id.* ¶¶ 3, 6.)

Defendant owns and operates the Heritage Village at Elton Corner and Tanyard Oaks residential communities, which are both in New Jersey. (*Id.* ¶¶ 7-8.)

On or about April 28, 2023, the parties entered into a contract under which Defendant agreed to compensate Plaintiff for providing emergency restoration services at the Heritage Village property. (*Id.* ¶¶ 9-10.)[1] In addition to compensation for these services, the contract also stipulated that if Defendant received insurance proceeds in connection with the restoration services, Defendant would assign those proceeds to Plaintiff. (*Id.* ¶ 11.) Plaintiff completed the restoration services on May 10, 2023 and sent an invoice in the amount of $11,008.29 to Defendant on or about June 1, 2023. (*Id.* ¶¶ 12-13.) Defendant also received insurance proceeds designated to cover the cost of Plaintiff's restoration work. (*Id.* ¶ 15.) Defendant has failed to make payment in connection with either the $11,008.29 invoice or the insurance proceeds. (*Id.* ¶¶ 14-16.)

On or about July 7, 2023, the parties entered into a separate contract under which Defendant agreed to compensate Plaintiff for performing additional services at the Heritage Village property. (*Id.* ¶ 17.) Plaintiff completed the restoration services on October 3, 2023 and, on or about that same day, sent an invoice in the amount of $33,587.85 to Defendant. (*Id.* ¶¶ 18-19.) Defendant has also failed to make payment in connection with the October 2023 invoice. (*Id.* ¶ 20.)

On or about June 23, 2024, the parties entered into a third contract under which Defendant agreed to compensate Plaintiff for the performance of mitigation services at the Tanyard Oaks property. (*Id.* ¶¶ 21-22.) And on or about August 8, 2024, the parties entered into a fourth contract under which Defendant agreed to compensate Plaintiff for performing additional services at the Tanyard Oaks property. (*Id.* ¶¶ 24-25.) Plaintiff issued an invoice in the amount of $34,600.74 in

---

[1] The contract was originally between Defendant and Mammoth Restoration, LLC. (ECF No. 1 ¶ 2.) On or about May 24, 2023, Plaintiff acquired Mammoth Restoration, LLC and assumed its rights relating to the contract. (*Id.*)

2

connection with its performed services under these two contracts, but Defendant has failed to pay. (*Id.* ¶¶ 26-27.)  The total outstanding amount due under the four invoices is $79,196.87.  (*Id.* ¶ 28.)

### B. Procedural Background

On September 24, 2025, Plaintiff filed a Complaint in this Court.  (ECF No. 1.)  Plaintiff brings claims for breach of contract, unjust enrichment, quantum meruit, promissory estoppel, and conversion.  (*Id.* at 5-10.)[2]  Plaintiff also brings a claim for violation of the New Jersey Prompt Payment Act, N.J. Stat. Ann. § 2A:30A-1 *et seq.*  (*Id.* at 8.)  On September 26, 2025, the Clerk of Court issued a summons.  (ECF No. 6.)  On October 13, 2025, Plaintiff returned the summons. (ECF No. 7.)  The returned summons indicated that Plaintiff's process server left the summons and Complaint with an individual named Catherine Douglass.  (*Id.* at 2.)  Next to that name, the process server wrote "EX. ASST. 609-293-2229."  (*Id.*)

Defendant did not appear or respond to the Complaint.  Accordingly, on January 27, 2026, Plaintiff requested, and the Clerk of Court granted, an Entry of Default.  (ECF No. 9.)  On that same day, Plaintiff filed the instant Motion for Default Judgment.  (ECF No. 10.)  Plaintiff seeks to recover for only the breach of contract and New Jersey Prompt Payment Act claims.  (ECF No. 10-2 at 8 n.1.)  Plaintiff seeks $79,196.87 in damages, pre- and post-judgment interest, and attorney's fees.  (ECF No. 10-1 at 1-2.)  To date, Defendant has not responded to this Motion or otherwise appeared in this action.

## II. LEGAL STANDARD

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise

---

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Once a default

has been entered, the plaintiff may then seek entry of a default judgment—either by the clerk or

the court itself—under Rule 55(b).  Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is

left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006

WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d

Cir. 1984)).  Because default judgments prevent the resolution of claims on their merits, the Court

"does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-

0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S.*

*Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual

allegations of the [c]omplaint . . . except those factual allegations related to the amount of

damages." *DirecTV, Inc.*, 2006 WL 680533, at *1.  Still, "[t]he Court need not accept the moving

party's legal conclusions, because [e]ven after default . . . it remains for the court to consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does

not admit mere conclusions of law." *Id.* (citation modified).

"Before entering default judgment, the Court must address the threshold issue of whether

it has personal jurisdiction and subject matter jurisdiction over the parties." *The Prudential Ins.*

*Co. of Am. v. Bramlett*, Civ. No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).  "Then,

'the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient

cause of action was stated, and (3) whether default judgment is proper.'" *G & G Closed Cir.*

*Events, LLC v. Remsen Assocs., Inc.*, Civ. No. 19-13019, 2021 WL 1139873, at *2 (D.N.J. Mar.

24, 2021) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, Civ.

No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).  To determine whether default judgment is proper, the Court evaluates "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same).  If these factors weigh in favor of the moving party, the court may grant default judgment.

## III.   **DISCUSSION**

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'"  *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sept. 28, 2023) (citation modified).  For the reasons described below, the Court will deny Plaintiff's Motion on jurisdictional grounds.  Plaintiff fails to establish subject-matter jurisdiction because it does not allege complete diversity, and it fails to establish personal jurisdiction because the record does not support a finding of proper service.

### A.   **Subject-Matter Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 if "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different [s]tates."  28 U.S.C. § 1332(a)(1).  Plaintiff alleges damages in the amount of $79,196.87 plus interest, which satisfies § 1332's amount-in-controversy requirement.  (ECF No. 1 ¶ 59.)

However, Plaintiff has failed to establish complete diversity.  Plaintiff is a Delaware limited liability company with its principal place of business in Colorado.  (*Id.* ¶ 1.)  For such a company, the Court "determine[s] citizenship by looking at the citizenship of each of its members[.]"  *Michael E. Panebianco ACC Fam. Tr. v. Vet Cellect, LLC*, Civ. No. 23-01943, 2025 WL 624649,

5

at *2 n.1 (D.N.J. Feb. 26, 2025) (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Plaintiff has filed a diversity disclosure statement indicating the members are citizens of either Delaware or Colorado, so Plaintiff is a citizen of both states. (ECF No. 5 at 1-2.)

As for Defendant, however, Plaintiff alleges only that its principal place of business is in New Jersey, but Plaintiff does not allege where Defendant is incorporated. (ECF No. 1 ¶ 3.) But a corporation, like Defendant, "is a citizen *both* of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (emphasis added) (quoting *Zambelli*, 592 F.3d at 419). Because Plaintiff fails to allege Defendant's place of incorporation, Plaintiff fails to establish complete diversity and, consequently, subject-matter jurisdiction. *See Tomlinson v. Asi-Mahmoud*, Civ. No. 25-12241, 2025 WL 3628682, at *3 (D.N.J. Dec. 15, 2025) ("On a motion for default judgment, a plaintiff's failure to plead diversity of citizenship in the complaint requires the reviewing court to deny the motion and dismiss the complaint."); *Matevosian Enters., Inc. v. Islick Trading LLC,* Civ. No. 23-23136, 2024 WL 4827440, at *3 (D.N.J. Nov. 19, 2024) ("[T]he [a]mended [c]omplaint is lacking an essential element, [the defendants'] place of incorporation, as required to adequately plead diversity jurisdiction.").

### B.    Personal Jurisdiction and Service of Process

"A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991). "Effective service of process is therefore a prerequisite to proceeding further in a case." *Id.*

Rule 4 governs service of process. "[C]orporate defendants must be served consistent with Rule 4(h)." *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121 (3d Cir. 2018). Rule 4(h) states that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(B).  Alternatively, a corporation may be

served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P.

4(h)(1)(A).  Rule 4(e)(1), in turn, states that service is proper if it is effectuated by "following state

law for serving a summons in an action brought in courts of general jurisdiction in the state where

the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  And under New

Jersey law, service on a corporation is made by:

> serving a copy of the summons and complaint . . . on any officer,
> director, trustee or managing or general agent, or any person
> authorized by appointment or by law to receive service of process
> on behalf of the corporation, or on a person at the registered office
> of the corporation in charge thereof, or, if service cannot be made on
> any of those persons, then on a person at the principal place of
> business of the corporation in this State in charge thereof, or if there
> is no place of business in this State, then on any employee of the
> corporation within this State acting in the discharge of his or her
> duties[.]

N.J. Ct. R. 4:4-4(a)(6).

Courts have found service improper under these rules when there is insufficient evidence

that a proper corporate employee received the summons and complaint.  In *Gabros*, the plaintiff

offered proof that "a process server went to [the defendant's] place of business and left a copy of

the summons and complaint with" an "[a]dministrative [a]ssistant" named Barbara Defenbeck.

724 F. App'x at 122.  The Third Circuit affirmed that service was improper when the "record [was]

bereft . . . of any evidence that . . . Defenbeck . . . was 'an officer, a managing or general agent, or

an[] . . . agent authorized . . . to receive service of process.'"  *Id.* (quoting Fed. R. Civ. P.

4(h)(1)(B)).  Nor was there "any basis to conclude that [Defenbeck] was 'in charge' of [the

defendant's] place of business and therefore a proper target of process under New Jersey Court

Rule 4:4-4(a)(6)[.]"  *Id.* (citing Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1)); *see also Fletcher v. Gateway*

*Grp. One*, Civ. No. 20-3413, 2021 WL 2651254, at *6 (D.N.J. June 28, 2021) (holding service

improper when the plaintiff made "no attempt to show how the person served, purportedly the custodian of records [of the defendant corporation], qualifie[d] as an appropriate person to receive service under" Rule 4 or New Jersey Court Rule 4:4-4(a)(6)).

Here, there is insufficient evidence of proper service. Plaintiff certifies that service was proper "on October 3, 2025 as reflected in the Proof of Service filed on the docket." (ECF No. 10-3 at 1.) However, the "Proof of Service"—the returned summons—indicates that, on October 3, 2025, a process server left the summons and Complaint with an individual named Catherine Douglass. (ECF No. 7 at 2.) Next to that name, the process server wrote "EX. ASST. 609-293-2229." (*Id.*) The Court will infer that Douglass is an executive assistant based on the process server's annotation. However, just as in *Garbos*, the "record is bereft . . . of any evidence that . . . [Douglass] . . . was 'an officer, a managing or general agent, or an[ ] . . . agent authorized . . . to receive service of process.'" 724 F. App'x at 122 (quoting Fed. R. Civ. P. 4(h)(1)(B)); *see also Fletcher*, 2021 WL 2651254, at *6. Nor is there "any basis to conclude that [Douglass] was 'in charge' of [Defendant's] place of business and therefore a proper target of process under New Jersey Court Rule 4:4-4(a)(6)." *Garbos*, 724 F. App'x at 122. Indeed, the record does not otherwise refer to Douglass. Nor does it include, for example, an affidavit from the service processor or from Plaintiff explaining why Douglass was a proper recipient. *See RAD Wood Prods., LLC v. Gallegos Carrocerias Gallegos SA DE CV,* Civ. No. 24-1028, 2025 WL 1739264, at *2 (M.D. Pa. June 23, 2025) (denying motion for default judgment when "[t]here are simply no facts alleged in the [c]omplaint, the exhibits attached to [the p]laintiff's motions, or any declaration or affidavit that . . . an alleged 'Legal & Compliance Employee' for [the d]efendant, was authorized to accept service on [the d]efendant's behalf").

Plaintiff indicates that, following the initial service on October 3, 2025, it has "made reasonable efforts to identify other potential locations to make service[.]"  (ECF No. 11 at 2.) However, Plaintiff fails to explain what efforts it undertook and in fact concedes that, while it may have taken subsequent efforts to *identify* service locations, it has not served Defendant with the summons and Complaint beyond its initial October 3, 2025 attempt.  But because this October 3, 2025 attempt was insufficient, at least based on the current record, the Court holds that Plaintiff has not effectuated proper service.  And because Plaintiff has not established effective service, the Court may not analyze the merits of the breach of contract and New Jersey Prompt Payment Act claims.  *See Lampe*, 952 F.2d at 700.

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Default Judgment (ECF No. 10) is **DENIED**.  An appropriate Order follows.

Dated: June  22, 2026

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**